**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
-------------------------------------------------
Robert Marascia,                         :
                                         :
        Plaintiff,                       :          Civ. No. 05-5415 (DRD)
                                         :
              v.                         :
                                         :
Cardio Medical Products, Inc.,           :
and Jack Roberts,                        :          O P I N I O N
                                         :
        Defendants.                      :
                                         :
-------------------------------------------------
```

Jyoti Mistry Halsband, Esq.
HALSBAND & GINSBERG, LLP
39 Hudson Street, 4th Floor
Hackensack, New Jersey 07601

*Attorney for Plaintiff*

Sharon P. Margello, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960

*Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

### I. PROCEDURAL HISTORY

Plaintiff, Robert Marascia, filed a complaint on November 15, 2005, alleging violations

of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq., and the

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., specifically claiming that he

was fired by Defendant Jack Roberts, as president of Defendant Cardio Medical Products, Inc., because of his age.  Defendants filed an answer on January 17, 2006, in which they assert, inter alia, the affirmative defense that Plaintiff was not, in fact, an employee, but was rather an independent contractor.

## II.  BACKGROUND

Plaintiff seeks to amend his complaint to include a claim under N.J.S.A. 10:5-12(l), which prohibits refusing to contract or otherwise do business with another on the basis of age. Defendants argue that the proposed amendment would be futile, because Plaintiff released all claims against Defendants in an agreement signed shortly after his termination.

## III.  DISCUSSION
### Standard for Leave to Amend under Fed. R. Civ. P. 15(a)

Under Fed. R. Civ. P. Rule 15(a), a party should be granted leave to amend its pleading when justice so requires.  The Third Circuit has consistently held that "leave to amend should be granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave to amend." Dole v. Arco Chemical Co., 921 F.2d 484, 486-487 (3d Cir. 1990)(citations omitted). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. Id.  However, such liberality is not limitless.  Several factors weigh against granting leave to amend.  Those factors include, undue delay, bad faith, undue prejudice and futility of amendment.

Futility of amendment is defined as the inability to survive a motion to dismiss.  Oran v. Stafford, 226 F. 3d 275, 291 (3d Cir. 2000).  Thus evaluating futility involves application of the same standard of legal sufficiency that applies under Rule 12(b)(6).

### Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

## The Proposed Amendment

Because Defendants has asserted as a defense that Plaintiff was not, in fact, an employee, but rather an independent contractor, Plaintiff seeks to include in his amended complaint a separate count alleging a violation of a provision of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(l), which prohibits discrimination by refusing to contract or otherwise do business someone on the basis of age.  Defendants argue that such an amendment would be futile because Plaintiff signed a valid waiver of all claims against Defendants.  If this is in fact the case, the amendment would indeed be futile.  See Mosely v. Bay Ship Management, Inc., 174 F.Supp.2d 192, 196-99 (D.N.J. 2000).  However, whether this release is in fact valid is unclear. The validity of a release is determined by the totality of the circumstances, but a court may consider: (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time the plaintiff had to deliberate before signing the release; (4) whether the plaintiff knew or should have known his rights when he executed the release; (5) whether plaintiff was encouraged to seek, or did receive the benefit of counsel; (6) whether there was an opportunity to negotiate terms; and (7) whether the consideration given in

exchange for the waiver and accepted by the employee exceeds the benefits to which he was already entitled by contract or law.  Mosely, 174 F.Supp.2d at 197-98 (citing Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir. 1988), superceded by statute as stated in Long v. Sears, Roebuck & Co., 105 F.3d 1529, 1539 (3d Cir. 1997) (holding Cirillo factors irrelevant to waivers of rights under the Age Discrimination in Employment Act because the subsequent Older Workers Benefit Protection Act mandates certain formalities when executing a release of liability under the ADEA)).  Plaintiff's current counsel argues that the purported waiver was signed under duress and not supported by consideration.  It would be premature for the court to rule on the validity of this purported waiver, and, as discovery is still underway, the court declines to convert this to a motion for summary judgment and review the additional documents submitted by counsel.  After discovery on this issue has concluded, the parties may address the waiver issue once again.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend his complaint is granted, and, as this aspect of Plaintiff's argument was uncontested, the amended complaint will be deemed to relate back to the date of the filing of the original complaint.  The Court will enter an order implementing this opinion.

                                        /s/ Dickinson R. Debevoise
                                        DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          July 17, 2006